# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

**1:20 CV 1544**

| | |
|---|---|
| UNITED STATES OF AMERICA [UNDER SEAL], | ) Civil Action No: |
| | ) |
| | ) JUDGE |
| Relators, | ) |
| | ) COMPLAINT    JUDGE OLIVER |
| v. | ) |
| | ) FILED IN CAMERA AND |
| [UNDER SEAL], | ) UNDER SEAL PURSUANT TO |
| | ) 31 U.S.C. §3730(b)(2) |
| Respondents. | ) |

**MAG. JUDGE PARKER**

## DOCUMENT TO BE KEPT UNDER SEAL
## DO NOT ENTER ON PACER

FILED

JUL 13 2020

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | ) | CASE NO.: 1 : 20  CV  1544 |
| | ) | |
| TIFFANY MEYER | ) | JUDGE   JUDGE OLIVER |
| 3386 Charles St., | ) | |
| Cuyahoga Falls, OH 44221 | ) | COMPLAINT FOR VIOLATION OF THE |
| | ) | FEDERAL FALSE CLAIMS ACT [31 |
| and | ) | U.S.C. Section 3729 et seq.] AND FOR |
| | ) | MONEY DAMAGES |
| TYREEK SMALL | ) | |
| 3386 Charles St., | ) | [DO NOT SERVE] |
| Cuyahoga Falls, OH 44221 | ) | |
| | ) | FILED IN CAMERA AND UNDER SEAL |
| Relator, | ) | PURSUANT TO 31 U.S.C. § 3730(b)(2) |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| THRIVE PEER SUPPORT, LLC | ) | MAG. JUDGE PARKER |
| 3637 South Green Rd, Ste 3G | ) | |
| Beachwood, Ohio 44122 | ) | |
| | ) | FILED |
| THRIVE BEHAVIORAL HEALTH | ) | JUL 13 2020 |
| CENTER, INC. | ) | CLERK, U.S. DISTRICT COURT |
| c/o Bridgette M. Lewis | ) | NORTHERN DISTRICT OF OHIO |
| 600 Superior Ave. Suite 1300 | ) | CLEVELAND |
| Cleveland, OH 44114 | ) | |
| | ) | |
| NICOLE WORTHEY | ) | |
| 4401 Kingsford Ave, | ) | |
| Cleveland, OH 44128 | ) | |

#### Respondent.

This is a *qui tam* action by Relators Tiffany Meyer and Tyreek Small, for themselves and

on behalf of the United States, to recover damages and civil penalties arising from Respondents

Thrive Peer Support, LLC, Thrive Behavioral Health Center Inc., (collectively "Thrive") and

Nicole Worthey knowingly presenting or causing to be presented false claims for payment or

approval to the United States.

## THE PARTIES

1.      Relator Meyer is a resident of Ohio and a United States citizen, who is a United Healthcare Community Plan Ohio Medicaid beneficiary, who sought peer recovery support services from Thrive. Thrive assigned to her Peer Recovery Specialist Nicole Worthey, who fraudulently billed Ohio Medicaid for over $45,065.55 of peer recovery support services she falsely stated she rendered to Relator Meyer.

2.      Relator Small is a resident of Ohio and a United States citizen. Relator Small is Relator Meyer's fiancé and discovered Nicole Worthey's fraudulent billing when reviewing Relator Meyer's United Healthcare Community Plan online profile.

3.      Respondent Thrive is a behavior health service company, which provides peer recovery support services to persons with mental health conditions and substance use disorders. Thrive operates out of offices in Cleveland, Columbus, and Dayton.

4.      Nicole Worthey is a resident of Ohio and a United States citizen, who Thrive employs as a supervisor and Peer Support Specialist. She has a prior criminal history of fraud and identity theft.

## JURISDICTION AND VENUE

5.      This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq*.

6.      Jurisdiction over this action is vested in this Court by 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331, in that this action arises under the laws of the United States.

7.      Venue is proper in this district under 31 U.S.C. § 3732(a) and under 28 U.S.C. §§ 1391(b) and 1391(c).  The Respondents can be found, reside, and transacts business within the district, and the acts proscribed by the False Claims Act occurred within the district.

## THE FALSE CLAIMS ACT

8.      The FCA was originally enacted during the Civil War.  Congress substantially amended the Act in 1986 – and, again, in 2009 and 2010 – to enhance the ability of the United States Government to recover losses sustained due to fraud.

9.      The Act imposes liability upon any person who: (A) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment of approval" or (B) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." *31 U.S.C. § 3729 (a)(1)(A)(B) (2009).*

10.      "Claim" is defined as "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that – (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government – (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." *31 U.S.C. § 3729(b)(2)(A) (2009).*

11.      A violation occurs when any person ". . . knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." *31 U.S.C. § 3729(a)(1)(G) (2009).*

12.      "Obligation" is defined to include: "an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee

-4-

relationship, from a fee-based or similar relationship, or from the retention of any overpayment." *31 U.S.C. § 3729(b)(3) (2009).*

13.　　Any person who violates the Act is liable for a civil penalty of between $5,500 and $11,000 for each false or fraudulent claim on or before November 2, 2015; and $10,781 and $21,563 for each false or fraudulent claim after November 2, 2015; plus, three times the damages sustained by the United States.

## **ALLEGATIONS REGARDING RESPONDENTS' WRONGDOING**

### **Peer Recovery Support Services in Ohio**

14.　　The Ohio Department of Mental Health and Addiction Services (OhioMHAS) regulates and governs the provision of peer recovery support services for individuals with a mental illness or substance use disorder.

15.　　Peer recovery support services are community-based services for individuals with a mental illness or substance use disorder, and consist of activities that promote recovery, self-determination, self-advocacy, well-being, and independence.

16.　　A "certified peer recovery supporter" is an individual, with a direct lived experience, who has self-identified as being in recovery from a mental illness health or substance use disorder and has been certified by OhioMHAS.

17.　　OhioMHAS certified peer recovery supporters must be supervised by a qualified individual. They must be supervised by an individual who is licensed social worker, counselor, therapist, psychologist, psychiatrist, or an individual who has been delivering peer services for five years. All supervisors complete a sixteen-hour online e-based academy course offered by OhioMHAS and a four hour in-person supervising peers training by OhioMHAS recovery support staff.

**Ohio Medicaid Coverage of Peer Recovery Support Services in Ohio**

18.     Ohio Administrative Code 5160-43-04(C) states peer recovery support services

are an Ohio Medicaid covered service. According to it, peer recovery support services

include:

   (a) Assisting the individual with accessing and developing natural support systems in the
       community;
   (b) Attending and participating in care team meetings;
   (c) Conducting outreach to connect individuals with resources;
   (d) Coordinating and/or assisting in crisis interventions and stabilization as needed;
   (e) Developing and working toward achievement of the individual's personal recovery
       goals;
   (f) Facilitating development of daily living skills;
   (g) Modeling personal responsibility for recovery;
   (h) Promoting coordination among similar providers;
   (i) Providing group facilitation that addresses symptoms, behaviors, and thought
       processes to assist an individual in eliminating barriers to seeking and maintaining
       recovery, employment, education, and housing;
   (j) Supporting individuals in achieving personal independence as identified by the
       individual; and
   (k) Teaching skills to effectively navigate the health care delivery system to utilize
       services.

19.     According to OAC 5160-43-04(C)(2), the following activities are not payable

under peer recovery support services:

   (a) Assistance with activities of daily living as defined in rule OAC 5160-3-05 of the
       Administrative Code;
   (b) Management of medications; and
   (c) Performance of activities covered under other services.

20.     According to OAC 5160-43-04(C)(3), to be a provider and submit a claim for

payment of peer recovery support services, the provider delivering the service must meet all

of the following requirements:

   (a) Comply with all rules set forth in this chapter and Chapter 5160-27 of the
       Administrative Code;
   (b) Request payment for the provision of services in accordance with rule 5160-27-05 of
       the Administrative Code;
   (c) Be certified by OhioMHAS under section 5119.36 of the Revised Code;

(d) Not be the individual's legally responsible family member, as defined in rule 5160-43-01 of the Administrative Code;

(e) Be identified as the provider and have specified on the individual's person-centered care plan, that is prior approved by ODM or its designee, the number of hours the provider is authorized to furnish services to the individual;

(f) Provide services that are supported by an identified need or recovery goal in a manner that supports and respects the individual's communication needs including translation services, and/or assistance with communication devices;

(g) Not provide peer recovery support activities simultaneously with other rehabilitation services available under the state plan; and

(h) Be supervised by other senior peers or non-peer staff that have been certified to supervise peers and receive regularly scheduled clinical supervision from a person meeting the qualifications of a behavioral health professional with experience regarding this specialized behavioral health service.

21.    According to OAC 5160-43-04(C)(4), all peer recovery support service providers must keep a record for each individual served that contains at a minimum:

(a) A copy of the current person-centered care plan; and

(b) Documentation of each service interaction including the duration peer recovery support was provided.

22.    According to OAC 5160-43-08 payment rates for peer recovery support services may be found in OAC 5160-1-60. In accordance with OAC 5160-1-60, Ohio Department of Medicaid published on November 27, 2019 a "Medicaid Behavioral Health State Plan Services Provider Requirements and Reimbursement Manual" which provides the following rates for peer recovery support services:

| Substance Use Disorder Peer Recovery Support | | | | | |
|---|---|---|---|---|---|
| Service | Provider Type | Code | Practitioner Modifier | Procedure Modifier | Rate |
| SUD Individual Peer Recovery Support | Peer recovery supporter | H0038 | HM, HN, HO | - | $15.51 |
| SUD Group Peer Recovery Support | Peer recovery supporter | H0038 | HM, HN, HO | HQ | $1.94 |
| Unit Value | 15 minutes (Maximum 4 hours can be billed per day) | | | | |
| Mental Health Peer Recovery Support | | | | | |
| Service | Provider Type | Code | Practitioner Modifier | Procedure Modifier | Rate |
| Assertive Community Treatment | Peer recovery supporter | H0040 | HM | - | $159.24 |
| Unit Value | 1 representing a per diem | | | | |

### Thrive's Organization and Billing Process

23.     Thrive has offices in Cleveland, Columbus, and Dayton, but operates throughout all Ohio. It is managed by Clinical Director Rhonda Hooks and CFO Brian Bailys. Thrive employs people in the following positions:

| Job Title | Job Description and Requirements | Pay per Hr |
|---|---|---|
| Peer Recovery Supporter - Certified | A trained individual who has lived experience with addiction to alcohol and/or drugs who provides one-to-one strengths-based support to peers in recovery, empowering them to make healthier choices on a day-to-day basis. High School Diploma or GED equivalent & Certified Ohio Peer Recovery Coach (preferred). | $14.00 to $17.75 |
| Peer Recovery Supporter - Certified - Hospital | A peer recovery supporter who is connected with individuals inside Emergency Departments immediately following an overdose. High School Diploma or GED equivalent & Certified Ohio Peer Recovery Coach-SUD. | $16.00 |
| Peer Recovery Supporter - Adult Care Facilities | A peer recovery supporter who is responsible for providing support and advocacy for peers in Adult Care Facilities. High School Diploma or GED equivalent. Certified Ohio Peer Supporter, or certification in progress. | $16.00 |
| Billing Specialist | An individual responsible for processing all health insurance claims for the company. They ensure correct billing codes and patient information in the Electronic Medical Record system, and prepare, review, and transmit claims using billing software to third party payers. | |
| Counselor - Community | An individual who provides a combination of peer support and psychological services to adults in the community. Services include comprehensive assessment and treatment of mental health conditions and substance use disorders. LPC/LSW, LISW/LPCC, or RN required. | $50.00 to $65.00 |
| Area Relations Coordinator | An individual responsible for customer relation management and overall success of the programs in an area for Substance Abuse/Mental stability support. They must assist with the management and supervision of team leads within their area. Requires Ohio Peer Recovery Coach Certificate and State Certified Supervision Certificate. | Salary |

24.     From enrollment to billing, Thrive uses the following process: (i) an Ohio Medicaid beneficiary contacts or is referred to Thrive; (ii) a Thrive case manager conducts an initial assessment and assigns a peer recovery supporter; (iii) a peer recovery supporter contacts the Ohio Medicaid beneficiary to schedule peer support services; (iv) the peer recovery supporter performs peer support services for the Ohio Medicaid beneficiary; (v) the peer recovery supporter documents the service on a physical or electronic document the Ohio Medicaid beneficiary signs; (vi) the peer recovery supporter submits their time for the service

to a Thrive billing specialist using an electronic medical record system; and (vii) the billing specialist transmits the peer recovery supporter's claim under their NPI and Medicaid #.

### Thrive and Nicole Worthey's Fraudulent Scheme

25.     As a Peer Recovery Specialist Supervisor for Thrive, Nicole Worthey with Thrive management's knowledge regularly engaged in the following fraudulent practices:

>   (a) Nicole Worthy supervised other peer recovery supporters without certification because she has not provided peer services for five years;
>
>   (b) Nicole Worthy and her subordinate peer recovery supporters billed for services that are not considered peer recovery support services under OAC 5160-43-04(C)(1); and
>
>   (c) Nicole Worthy and her subordinate peer recovery supporters billed for peer recovery support services not rendered.

26.     Nicole Worthey states on her LinkedIn page that she is a "Certified Peer Recovery Specialist Supervisor" for Thrive. *Exhibit 1*. Based on Relator Meyer's knowledge and belief, Nicole Worthey manages 6 – 7 peer recovery supporters in the Northeast Ohio area. She became a certified peer recovery supporter on May 1, 2018. *Exhibit 2*. She completed the four hour in-person supervising peers training at OhioMHAS on May 3, 2018. *Exhibit 3*.

27.     Nicole Worthey's LinkedIn education and work history show she is not a licensed social worker, counselor, therapist, psychologist, psychiatrist or an individual who has been delivering peer services for five years; therefore, she could not have been certified to supervise peers supporters. *Exhibit 1*.

28.     OAC 5160-43-04(C)(3)(h) requires all peer recovery supporters to "be supervised by other senior peers or non-peer staff that have been certified to supervise peers." Thus, all

Nicole Worthy's subordinate peer recovery supporters are in violation of OAC 5160-43-04(C)(3)(h), and therefore, false claims.

29.     In addition to falsely supervising other peer recovery supporters, Nicole Worthey engaged in other fraudulent practices which she teaches and imparts to her subordinate peer recovery supporters. Based on Relator Meyer's knowledge and belief, Nicole Worthey told her subordinates that their job was to be "glorified uber drivers."

30.     When Relator Meyer used Nicole Worthey's "peer recovery support" services in a 5 month period from January 2019 to May 2019, Nicole Worthey would only drive Relator Meyer to see Relator Small at an assisted living facility where he was receiving rehabilitation treatment after heart surgery. These drives took 20 minutes at most per day. Whenever Relator Meyer asked Nicole Worthey for actual peer recovery support services, Nicole Worthey told her she was too busy to provide other peer recovery support services.

31.     According to OAC 5160-43-04(C)(2), activities covered under other services are not payable peer recovery support services. Non-emergency transportation services in Summit County are covered by a statewide program for Medicaid recipients, administered by the County of Summit Department of Job and Family Services. Thus, non-emergency transportation services cannot be covered under the peer recovery support services. Further, simply driving individuals around for personal non-mental health or substance abuse related reasons, and not providing any follow-on peer recovery support services does not conform with any peer recovery support service listed in OAC 5160-43-04(C)(1).

32.     Nicole Worthey's purported peer recovery support services are not covered by Ohio Medicaid peer recovery support program, so any of her billing for such services are

false claims. Further, Nicole Worthey's subordinates who engage in the same fraudulent practice under her direction also submitted false claims.

33.     Despite Relator Meyer only seeing Nicole Worthey for at most 20 minutes day during their drives from January 2019 to May 2019, Nicole Worthey billed Ohio Medicaid 83 times for an average of 3.17 hours of peer recovery support services per bill. Thus, Nicole Worthey falsely billed Ohio Medicaid for 2 to 3 hours peer recovery support services per bill at least 83 times for peer recovery support services not rendered.

34.     Once Relator Small left the assisted living facility, Relator Meyer no longer needed Nicole Worthey's "glorified uber services." For an approximately 8-month period from period June 2019 to February 2020, Relator Meyer only used Nicole Worthey's purported peer recovery support services three times. Despite this, Nicole Worthey billed Ohio Medicaid 124 times for peer recovery services during this period, so at least 121 of these billings are for peer recovery support services not rendered.

35.     OAC 5160-43-04(C)(4) requires all peer recovery support providers to keep a record for each individual served that must contain documentation of each service interaction including the duration peer recovery support was provided. Nicole Worthey only had Relator Meyer initial one document to prove a service was rendered and would then forge the remaining documentation.

36.     Nicole Worthey's billing for peer recovery support services not rendered are false claims. Further, Nicole Worthey's subordinates who engage in the same fraudulent practice under her direction also are submitting false claims.

**Representative Examples of Thrive and Nicole Worthy's Fraudulent Scheme**

37.     In February 2020, Relator Small discovered Nicole Worthey was billing Relator

Meyer for peer recovery support services not rendered from June 2019 to February 2020

when reviewing Relator Meyer's United Healthcare Community Plan online profile.

38.     Upon Relator Meyer's information and belief, all of the following claims billed

by Nicole Worthey for peer recovery support services rendered to Relator Meyer from

January 2019 to February 2020 are false claims because Nicole Worthey either (a) did not

render a Ohio Medicaid covered peer support service, (b) overbilled the time actually taken

to perform the peer support service, or (c) did not render any peer support service on that

date:

| Date | Claim Number | Amount Billed | Amount Covered | Hours |
|------|--------------|---------------|----------------|-------|
| 1/27/2019 | 19B469692600 | $248.16 | $248.16 | 4.00 |
| 1/28/2019 | 19E328426900 | $124.08 | $0.00 | 2.00 |
| 1/29/2019 | 19B943474600 | $108.57 | $108.57 | 1.75 |
| 1/29/2019 | 19B944922400 | $139.59 | $139.59 | 2.25 |
| 1/30/2019 | 19E328428800 | $124.08 | $0.00 | 2.00 |
| 1/31/2019 | 19B466393800 | $186.12 | $186.12 | 3.00 |
| 2/1/2019 | 19B943656700 | $31.02 | $31.02 | 0.50 |
| 2/1/2019 | 19B943657400 | $46.53 | $46.53 | 0.75 |
| 2/2/2019 | 19B469910400 | $77.55 | $77.55 | 1.25 |
| 2/3/2019 | 19B469444100 | $248.16 | $248.16 | 4.00 |
| 2/4/2019 | 19B792030100 | $186.12 | $186.12 | 3.00 |
| 2/5/2019 | 19B793636700 | $248.16 | $248.16 | 4.00 |
| 2/6/2019 | 19B943661900 | $62.04 | $62.04 | 1.00 |
| 2/6/2019 | 19B945859100 | $186.12 | $186.12 | 3.00 |
| 2/7/2019 | 19B793637500 | $248.16 | $248.16 | 4.00 |
| 2/10/2019 | 19B793635700 | $248.16 | $248.16 | 4.00 |
| 2/11/2019 | 19B945987900 | $186.12 | $186.12 | 3.00 |
| 2/12/2019 | 19B945986200 | $201.63 | $201.63 | 3.25 |
| 2/15/2019 | 19B948845400 | $248.16 | $248.16 | 4.00 |
| 2/17/2019 | 19B945987000 | $248.16 | $248.16 | 4.00 |
| 2/23/2019 | 19D836128000 | $155.10 | $155.10 | 2.50 |
| 2/24/2019 | 19C439808800 | $186.12 | $186.12 | 3.00 |
| 2/25/2019 | 19C437363900 | $31.02 | $31.02 | 0.50 |
| 2/26/2019 | 19C439813300 | $186.12 | $186.12 | 3.00 |
| 3/3/2019 | 19C737494800 | $248.16 | $248.16 | 4.00 |
| 3/5/2019 | 19C737496300 | $170.61 | $170.61 | 2.75 |

| 3/6/2019 | 19C736498700 | $77.55 | $77.55 | 1.25 |
|---|---|---|---|---|
| 3/7/2019 | 19C737495200 | $232.65 | $232.65 | 3.75 |
| 3/8/2019 | 19D111920400 | $108.57 | $108.57 | 1.75 |
| 3/9/2019 | 19D113254700 | $77.55 | $77.55 | 1.25 |
| 3/10/2019 | 19D113256500 | $186.12 | $186.12 | 3.00 |
| 3/10/2019 | 19D115736100 | $31.02 | $31.02 | 0.50 |
| 3/11/2019 | 19D111185300 | $232.65 | $232.65 | 3.75 |
| 3/12/2019 | 19D115745900 | $186.12 | $186.12 | 3.00 |
| 3/13/2019 | 19D115747600 | $201.63 | $201.63 | 3.25 |
| 3/17/2019 | 19D222802700 | $170.61 | $170.61 | 2.75 |
| 3/18/2019 | 19D222804400 | $186.12 | $186.12 | 3.00 |
| 3/19/2019 | 19D222981500 | $93.06 | $93.06 | 1.50 |
| 3/20/2019 | 19D220798100 | $77.55 | $77.55 | 1.25 |
| 3/22/2019 | 19D321913900 | $93.06 | $93.06 | 1.50 |
| 3/23/2019 | 19D323447100 | $201.63 | $201.63 | 3.25 |
| 3/24/2019 | 19D318348200 | $248.16 | $248.16 | 4.00 |
| 3/27/2019 | 19D597608500 | $248.16 | $248.16 | 4.00 |
| 3/30/2019 | 19D941806800 | $248.16 | $248.16 | 4.00 |
| 3/31/2019 | 19D941808600 | $248.16 | $248.16 | 4.00 |
| 4/2/2019 | 19D936454900 | $248.16 | $248.16 | 4.00 |
| 4/3/2019 | 19D936452200 | $248.16 | $248.16 | 4.00 |
| 4/4/2019 | 19D939206000 | $31.02 | $31.02 | 0.50 |
| 4/5/2019 | 19D941809700 | $248.16 | $248.16 | 4.00 |
| 4/7/2019 | 19E273743200 | $248.16 | $248.16 | 4.00 |
| 4/8/2019 | 19E269049400 | $248.16 | $248.16 | 4.00 |
| 4/10/2019 | 19E230573800 | $77.55 | $77.55 | 1.25 |
| 4/11/2019 | 19E230306700 | $248.16 | $248.16 | 4.00 |
| 4/13/2019 | 19E411775200 | $248.16 | $248.16 | 4.00 |
| 4/14/2019 | 19E411777200 | $186.12 | $186.12 | 3.00 |
| 4/15/2019 | 19E411236300 | $186.12 | $186.12 | 3.00 |
| 4/16/2019 | 19E667164500 | $248.16 | $248.16 | 4.00 |
| 4/17/2019 | 19E411779100 | $248.16 | $248.16 | 4.00 |
| 4/22/2019 | 19H014350300 | $248.16 | $248.16 | 4.00 |
| 4/23/2019 | 19E929961400 | $248.16 | $248.16 | 4.00 |
| 4/26/2019 | 19E929959600 | $248.16 | $248.16 | 4.00 |
| 4/27/2019 | 19E929962700 | $248.16 | $248.16 | 4.00 |
| 4/28/2019 | 19E929964400 | $248.16 | $248.16 | 4.00 |
| 4/29/2019 | 19E930087500 | $139.59 | $139.59 | 2.25 |
| 5/2/2019 | 19E929966300 | $248.16 | $248.16 | 4.00 |
| 5/5/2019 | 19F585225800 | $248.16 | $248.16 | 4.00 |
| 5/7/2019 | 19F313603500 | $248.16 | $248.16 | 4.00 |
| 5/8/2019 | 19F313601900 | $248.16 | $248.16 | 4.00 |
| 5/9/2019 | 19F313608600 | $248.16 | $248.16 | 4.00 |
| 5/11/2019 | 19F584711600 | $248.16 | $248.16 | 4.00 |
| 5/12/2019 | 19F585226500 | $248.16 | $248.16 | 4.00 |
| 5/15/2019 | 19F585226900 | $248.16 | $248.16 | 4.00 |
| 5/16/2019 | 19F585227300 | $248.16 | $248.16 | 4.00 |
| 5/17/2019 | 19F584713200 | $248.16 | $248.16 | 4.00 |

| 5/18/2019 | 19G051237300 | $248.16 | $248.16 | 4.00 |
|-----------|--------------|---------|---------|------|
| 5/19/2019 | 19G051239400 | $248.16 | $248.16 | 4.00 |
| 5/20/2019 | 19F585227900 | $248.16 | $248.16 | 4.00 |
| 5/21/2019 | 19G051222300 | $248.16 | $248.16 | 4.00 |
| 5/24/2019 | 19G051241600 | $248.16 | $248.16 | 4.00 |
| 5/25/2019 | 19G048516000 | $232.65 | $232.65 | 3.75 |
| 5/28/2019 | 19G051223800 | $248.16 | $248.16 | 4.00 |
| 5/30/2019 | 19G048508100 | $248.16 | $248.16 | 4.00 |
| 5/31/2019 | 19G048984400 | $248.16 | $248.16 | 4.00 |
| 6/2/2019 | 19G433907900 | $248.16 | $248.16 | 4.00 |
| 6/4/2019 | 19G431490500 | $248.16 | $248.16 | 4.00 |
| 6/5/2019 | 19G433910800 | $248.16 | $248.16 | 4.00 |
| 6/6/2019 | 19G431492200 | $248.16 | $248.16 | 4.00 |
| 6/7/2019 | 19G694883800 | $186.12 | $186.12 | 3.00 |
| 6/8/2019 | 19G695050600 | $248.16 | $248.16 | 4.00 |
| 6/10/2019 | 19G695054100 | $201.63 | $201.63 | 3.25 |
| 6/13/2019 | 19G695052300 | $201.63 | $201.63 | 3.25 |
| 6/14/2019 | 19G694885700 | $248.16 | $248.16 | 4.00 |
| 6/15/2019 | 19G904051800 | $108.57 | $108.57 | 1.75 |
| 6/16/2019 | 19G906890200 | $248.16 | $248.16 | 4.00 |
| 6/22/2019 | 19G906891400 | $217.14 | $217.14 | 3.50 |
| 6/26/2019 | 19H269613100 | $248.16 | $248.16 | 4.00 |
| 6/27/2019 | 19H271969700 | $248.16 | $248.16 | 4.00 |
| 6/29/2019 | 19H512719000 | $124.08 | $124.08 | 2.00 |
| 6/30/2019 | 19H514521000 | $248.16 | $248.16 | 4.00 |
| 7/2/2019 | 19H515930300 | $248.16 | $248.16 | 4.00 |
| 7/3/2019 | 19H514522400 | $170.61 | $170.61 | 2.75 |
| 7/8/2019 | 19H868481800 | $139.59 | $139.59 | 2.25 |
| 7/11/2019 | 19H871750100 | $248.16 | $248.16 | 4.00 |
| 7/12/2019 | 19H871439800 | $248.16 | $248.16 | 4.00 |
| 7/13/2019 | 19H871752600 | $248.16 | $248.16 | 4.00 |
| 7/15/2019 | 19H871754000 | $248.16 | $248.16 | 4.00 |
| 7/18/2019 | 19I455049500 | $248.16 | $248.16 | 4.00 |
| 7/21/2019 | 19I455051000 | $248.16 | $248.16 | 4.00 |
| 7/23/2019 | 19I453998000 | $248.16 | $248.16 | 4.00 |
| 7/24/2019 | 19I453999600 | $248.16 | $248.16 | 4.00 |
| 7/28/2019 | 19I694941600 | $248.16 | $248.16 | 4.00 |
| 7/29/2019 | 19I453982200 | $248.16 | $248.16 | 4.00 |
| 8/1/2019 | 19I455041400 | $248.16 | $248.16 | 4.00 |
| 8/3/2019 | 19I455039900 | $248.16 | $248.16 | 4.00 |
| 8/4/2019 | 19I455037900 | $248.16 | $248.16 | 4.00 |
| 8/7/2019 | 19I694944600 | $248.16 | $248.16 | 4.00 |
| 8/9/2019 | 19I694946300 | $186.12 | $186.12 | 3.00 |
| 8/10/2019 | 19I695188300 | $248.16 | $248.16 | 4.00 |
| 8/15/2019 | 19J061005200 | $248.16 | $248.16 | 4.00 |
| 8/19/2019 | 19J061006900 | $248.16 | $248.16 | 4.00 |
| 8/21/2019 | 19J061003400 | $248.16 | $248.16 | 4.00 |
| 8/22/2019 | 19J061008700 | $248.16 | $248.16 | 4.00 |

| | | | | |
|---|---|---|---|---|
| 8/23/2019 | 19J164415200 | $248.16 | $248.16 | 4.00 |
| 8/25/2019 | 19J581221000 | $248.16 | $248.16 | 4.00 |
| 8/30/2019 | 19J581209900 | $186.12 | $186.12 | 3.00 |
| 9/2/2019 | 19J581223900 | $201.63 | $201.63 | 3.25 |
| 9/3/2019 | 19J581213900 | $248.16 | $248.16 | 4.00 |
| 9/4/2019 | 19J688700500 | $248.16 | $248.16 | 4.00 |
| 9/8/2019 | 19J688702100 | $248.16 | $248.16 | 4.00 |
| 9/10/2019 | 19J688703800 | $248.16 | $248.16 | 4.00 |
| 9/11/2019 | 19K060424200 | $248.16 | $248.16 | 4.00 |
| 9/14/2019 | 19K316330200 | $201.63 | $201.63 | 3.25 |
| 9/15/2019 | 19K316331900 | $248.16 | $248.16 | 4.00 |
| 9/19/2019 | 19K316333700 | $232.65 | $232.65 | 3.75 |
| 9/26/2019 | 19K421867300 | $248.16 | $248.16 | 4.00 |
| 9/29/2019 | 19K632870200 | $248.16 | $248.16 | 4.00 |
| 9/30/2019 | 19K632874900 | $248.16 | $248.16 | 4.00 |
| 10/1/2019 | 19K632868400 | $248.16 | $248.16 | 4.00 |
| 10/2/2019 | 19K632871500 | $248.16 | $248.16 | 4.00 |
| 10/3/2019 | 19K632873300 | $248.16 | $248.16 | 4.00 |
| 10/4/2019 | 19K634727700 | $93.06 | $93.06 | 1.50 |
| 10/6/2019 | 19L182045800 | $248.16 | $248.16 | 4.00 |
| 10/7/2019 | 19L182047500 | $248.16 | $248.16 | 4.00 |
| 10/13/2019 | 19K979702600 | $248.16 | $248.16 | 4.00 |
| 10/14/2019 | 19K979727100 | $248.16 | $248.16 | 4.00 |
| 10/15/2019 | 19L175829300 | $139.59 | $139.59 | 2.25 |
| 10/17/2019 | 19L182049100 | $232.65 | $232.65 | 3.75 |
| 10/21/2019 | 19L690818500 | $201.63 | $201.63 | 3.25 |
| 10/22/2019 | 20A936387500 | $248.16 | $248.16 | 4.00 |
| 10/23/2019 | 19L690812000 | $248.16 | $248.16 | 4.00 |
| 10/27/2019 | 19L690816400 | $248.16 | $248.16 | 4.00 |
| 10/28/2019 | 19L690814100 | $248.16 | $248.16 | 4.00 |
| 10/30/2019 | 19L690829800 | $248.16 | $248.16 | 4.00 |
| 10/31/2019 | 19L690825600 | $248.16 | $248.16 | 4.00 |
| 11/1/2019 | 19L690827301 | $248.16 | $248.16 | 4.00 |
| 11/4/2019 | 19M125972000 | $248.16 | $248.16 | 4.00 |
| 11/5/2019 | 19M136790100 | $248.16 | $248.16 | 4.00 |
| 11/6/2019 | 19M123527100 | $248.16 | $248.16 | 4.00 |
| 11/7/2019 | 19M136791300 | $248.16 | $248.16 | 4.00 |
| 11/9/2019 | 19M125903500 | $248.16 | $248.16 | 4.00 |
| 11/10/2019 | 19M125973600 | $248.16 | $248.16 | 4.00 |
| 11/11/2019 | 19M123455600 | $248.16 | $248.16 | 4.00 |
| 11/12/2019 | 19M125976500 | $217.14 | $217.14 | 3.50 |
| 11/14/2019 | 19M125978400 | $248.16 | $248.16 | 4.00 |
| 11/15/2019 | 19M125975000 | $248.16 | $248.16 | 4.00 |
| 11/17/2019 | 19M125980200 | $248.16 | $248.16 | 4.00 |
| 11/18/2019 | 19M318761700 | $248.16 | $248.16 | 4.00 |
| 11/19/2019 | 19M590403200 | $248.16 | $248.16 | 4.00 |
| 11/20/2019 | 19M590408600 | $248.16 | $248.16 | 4.00 |
| 11/22/2019 | 19M590392500 | $232.65 | $232.65 | 3.75 |

| | | | | |
|---|---|---|---|---|
| 11/24/2019 | 19M590406500 | $248.16 | $248.16 | 4.00 |
| 11/26/2019 | 19M590390700 | $248.16 | $248.16 | 4.00 |
| 11/27/2019 | 19M590404800 | $248.16 | $248.16 | 4.00 |
| 11/28/2019 | 19M590394100 | $248.16 | $248.16 | 4.00 |
| 11/29/2019 | 19M590395900 | $248.16 | $248.16 | 4.00 |
| 12/1/2019 | 19M992357800 | $248.16 | $248.16 | 4.00 |
| 12/2/2019 | 19M992359600 | $248.16 | $248.16 | 4.00 |
| 12/3/2019 | 19M992361400 | $217.14 | $217.14 | 3.50 |
| 12/5/2019 | 19M992364400 | $170.61 | $170.61 | 2.75 |
| 12/8/2019 | 19M992370300 | $217.14 | $217.14 | 3.50 |
| 12/9/2019 | 19M992362800 | $248.16 | $248.16 | 4.00 |
| 12/10/2019 | 19N164154400 | $201.63 | $201.63 | 3.25 |
| 12/12/2019 | 19N164152400 | $248.16 | $248.16 | 4.00 |
| 12/13/2019 | 19N164153400 | $248.16 | $248.16 | 4.00 |
| 12/15/2019 | 20A166212100 | $248.16 | $248.16 | 4.00 |
| 12/18/2019 | 20A166213600 | $201.63 | $201.63 | 3.25 |
| 12/19/2019 | 20A166220400 | $248.16 | $248.16 | 4.00 |
| 12/20/2019 | 20A166215300 | $248.16 | $248.16 | 4.00 |
| 12/22/2019 | 20A166216800 | $248.16 | $248.16 | 4.00 |
| 12/24/2019 | 20A166218600 | $248.16 | $248.16 | 4.00 |
| 12/25/2019 | 20A168602400 | $139.59 | $139.59 | 2.25 |
| 12/26/2019 | 20A166210600 | $248.16 | $248.16 | 4.00 |
| 12/30/2019 | 20A418088900 | $248.16 | $248.16 | 4.00 |
| 12/31/2019 | 20A418092900 | $248.16 | $248.16 | 4.00 |
| 1/1/2020 | 20A418095100 | $248.16 | $248.16 | 4.00 |
| 1/2/2020 | 20A418097400 | $155.10 | $155.10 | 2.50 |
| 1/3/2020 | 20A418099200 | $248.16 | $248.16 | 4.00 |
| 1/6/2020 | 20A418087300 | $248.16 | $248.16 | 4.00 |
| 1/7/2020 | 20A443203500 | $248.16 | $248.16 | 4.00 |
| 1/8/2020 | 20A443200100 | $248.16 | $248.16 | 4.00 |
| 1/9/2020 | 20A443201600 | $248.16 | $248.16 | 4.00 |
| 1/10/2020 | 20A443205200 | $248.16 | $248.16 | 4.00 |
| 1/17/2020 | 20A683117700 | $263.67 | $248.16 | 4.25 |
| 1/20/2020 | 20A938652300 | $93.06 | $93.06 | 1.50 |
| 1/23/2020 | 20A936389300 | $248.16 | $248.16 | 4.00 |
| 1/27/2020 | 20B332354000 | $201.63 | $201.63 | 3.25 |
| 1/30/2020 | 20B332350700 | $201.63 | $201.63 | 3.25 |
| 2/3/2020 | 20B467021600 | $139.59 | $139.59 | 2.25 |
| Total Amount Covered | | $45,056.55 | | |
| ** See Exhibit 4 for  United Healthcare Community Plan online profile screenshots of each false claim ** | | | | |

39.     Ohio Medicaid through United Healthcare paid $45,056.55 for Nicole Worthey's

false billings for peer support recovery services, which were either not covered or not

rendered. These examples are representative of Nicole Worthey and her subordinate's false

-16-

billings for peer support recovery services not covered or rendered to other Ohio Medicaid beneficiaries.

### Thrive and Nicole Worthey's Knowledge of Fraudulent Scheme

40.     Thrive and Nicole Worthey knowingly submitted false billings to Ohio Medicaid for peer recovery support services that were either (a) supervised by an uncertified supervisor, (b) not covered by Ohio Medicaid, or (c) not rendered at all.

41.     Thrive's management promoted Nicole Worthey to a supervisor position, despite her lack of certification and requisite work experience.

42.     Nicole Worthey knew her billings for Relator Meyer were false. Soon after Relator Small discovered the false billings, he confronted Nicole Worthey about them over the phone. In response, Nicole Worthey first attempted to pay the Relators to not report the matter. Relators refused. Nicole Worthey then had her boyfriend call the Relators to threaten them not to report the matter.

43.     Nicole Worthey told Relator Small she informed Thrive's management about her fraudulent billing of Relator Meyer's claims, but Thrive's management failed to stop it or report it. Further, Thrive's management incentivized Nicole Worthey and her subordinate peer recovery supporter's fraudulent practices by providing bonuses tied to how much they billed.

44.     After Nicole Worthey's attempts to silence the Relators failed, she filed a restraining order against the Relators. The court imposed a mutual restraining order per agreement of the parties. Nicole Worthey's efforts to stop the Relators from reporting her fraudulent activity shows she had knowledge of it.

## COUNT I: FALSE CLAIMS ACT VIOLATIONS

## BILLING FOR FALSELY SUPERVISED SERVICES

45.     The allegations in the preceding paragraphs are incorporated by reference.

46.     Respondents knowingly presented or caused to be presented numerous false claims for payment or approval to the United States in violation of 31 U.S.C. § 3729.

47.     Each of the Medicaid claim submitted by a Thrive peer recovery supporter supervised by Nicole Worthey constitutes a "false claim" within the meaning of 31 U.S.C. § 3729, regardless of whether the claim was ultimately paid by the United States, because Nicole Worthey lacked the requisite work experience to be a certified peer recovery support supervisor.

48.     In submitting or causing to be submitted Medicaid claims as set forth above, Respondents acted "knowingly," as that term is defined in 31 U.S.C. § 3729, in that they acted in at least deliberate ignorance or in reckless disregard of the truth or falsity of the information submitted in connection with the claims.

49.     As a result of Respondents' violations of 31 U.S.C. § 3729, the United States has suffered damages in an amount to be determined at trial.

WHEREFORE, Relators, on behalf of herself and the United States, prays:

(a)     That the Court enter judgment against Respondents in an amount equal to three times the amount of damages the United States has sustained because of Respondents' actions, plus a civil penalty of between $10,781 and $21,563 for each violation of 31 U.S.C. § 3729;

(b)     That Relator be awarded the maximum amount allowed under §3730(d) of the False Claims Act and the False Claims Act;

(c)     That Relator be awarded all costs and expenses incurred, including reasonable attorneys' fees; and

(d)     That the Court order such other relief as is appropriate.

## COUNT II: FALSE CLAIMS ACT VIOLATIONS

## BILLING FOR NON-COVERED SERVICES

50.     The allegations in the preceding paragraphs are incorporated by reference.

51.     Respondents knowingly presented or caused to be presented numerous false claims for payment or approval to the United States in violation of 31 U.S.C. § 3729.

52.     Each of the Medicaid claims submitted by Nicole Worthey or a Thrive peer recovery supporter for transportation services unrelated to mental health or substance abuse constitutes a "false claim" within the meaning of 31 U.S.C. § 3729, regardless of whether the claim was ultimately paid by the United States, because such services are not covered by Ohio Medicaid as peer recovery support services.

53.     In submitting or causing to be submitted Medicaid claims as set forth above, Respondents acted "knowingly," as that term is defined in 31 U.S.C. § 3729, in that they acted in at least deliberate ignorance or in reckless disregard of the truth or falsity of the information submitted in connection with the claims.

54.     As a result of Respondents' violations of 31 U.S.C. § 3729, the United States has suffered damages in an amount to be determined at trial.

WHEREFORE, Relators, on behalf of herself and the United States, prays:

        (e)     That the Court enter judgment against Respondents in an amount equal to three times the amount of damages the United States has sustained because of Respondents' actions, plus a civil penalty of between $10,781 and $21,563 for each violation of 31 U.S.C. § 3729;

        (f)     That Relator be awarded the maximum amount allowed under §3730(d) of the False Claims Act and the False Claims Act;

        (g)     That Relator be awarded all costs and expenses incurred, including reasonable attorneys' fees; and

        (d)     That the Court order such other relief as is appropriate.

## COUNT III: FALSE CLAIMS ACT VIOLATIONS

### BILLING FOR NON-RENDERED SERVICES

55.     The allegations in the preceding paragraphs are incorporated by reference.

56.     Respondents knowingly presented or caused to be presented numerous false claims for payment or approval to the United States in violation of 31 U.S.C. § 3729.

57.     Each of the Medicaid claims submitted by Nicole Worthey or a Thrive peer recovery supporter for peer recovery support services not rendered constitutes a "false claim" within the meaning of 31 U.S.C. § 3729, regardless of whether the claim was ultimately paid by the United States.

58.     In submitting or causing to be submitted Medicaid claims as set forth above, Respondents acted "knowingly," as that term is defined in 31 U.S.C. § 3729, in that it acted in at least deliberate ignorance or in reckless disregard of the truth or falsity of the information submitted in connection with the claims.

59.     As a result of Respondents' violations of 31 U.S.C. § 3729, the United States has suffered damages in an amount to be determined at trial.

WHEREFORE, Relators, on behalf of herself and the United States, prays:

> (h)     That the Court enter judgment against Respondents in an amount equal to three times the amount of damages the United States has sustained because of Respondents' actions, plus a civil penalty of between $10,781 and $21,563 for each violation of 31 U.S.C. § 3729;
>
> (i)     That Relator be awarded the maximum amount allowed under §3730(d) of the False Claims Act and the False Claims Act;
>
> (j)     That Relator be awarded all costs and expenses incurred, including reasonable attorneys' fees; and
>
> (d)     That the Court order such other relief as is appropriate.

Respectfully submitted,

/s/ Warner Mendenhall
WARNER MENDENHALL, 0070165
LOGAN TROMBLEY, 0096858
Law Offices of Warner Mendenhall, Inc.
190 N. Union St., Ste. 201
Akron, OH 44304
(330) 535-9160; fax (330) 762-9743
warner@warnermendenhall.com
logan@warnermendenhall.com

*Attorneys for Relators*


## JURY DEMAND

Relators hereby demand a trial by Jury pursuant to R. 38 of the Federal Rules of Civil Procedure.

/s/ Warner Mendenhall
WARNER MENDENHALL, 0070165
*Attorney for Relators*